**MERCEXCHANGE, L.L.C., Plaintiff,**

v.

**EBAY, INC., et al., Defendants.**

**No. CIV.A. 201CV736.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Oct. 21, 2002.

Thomas J. Cawley, Hunton & Williams, McLean, Kenneth Reed Mayo, Gregory N. Stillman, Hunton & Williams, Norfolk, Thomas Jefferson Scott, Jr., David Michael Young, Brian Mark Buroker, Emerson Vincent Briggs, III, Jennifer Ann Albert, Hunton & Williams, Scott L. Robertson, Hunton & Williams, Washington, DC, for Mercexchange, L.L.C., plaintiff.

Robert William McFarland, Steven R. Zahn, McGuire Woods LLP, Norfolk, Allan Madis Soobert, Cooley Godward LLP, Reston, Jeffrey Graham Randall, Charles Patrick Ebertin, Jeffrey Scott Karr, Michael Christopher Hendershot, Matthew James Brigham, Cooley Godward LLP, Palo Alto, CA, Kermit Arthur Rosenberg, Jr., Tighe Patton Armstrong Teasdale PLLC, Washington, DC, for eBay, Inc., Half.com, Inc., Returnbuy, Inc., defendants.

### ORDER AND OPINION

FRIEDMAN, District Judge.

On May 30, 2002, the court heard oral argument on a number of Motions for Summary Judgment filed by the parties in this case. On July 10, 2002, the court issued an Opinion with respect to two of the Motions, and deferred issuing a ruling on the remaining three Motions until the outcome of the *Markman*[1] hearing, which

---

1. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 976 (Fed.Cir.1995), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996).

was held on July 30 and 31, 2002. Based on the court's Opinion on the *Markman* issues, the court is prepared to issue an Opinion on the outstanding Motions for Summary Judgment. These Motions include defendant eBay's Motion for Summary Judgment that all claims of U.S. Patent No. 6,202,051 ("the '051 patent") are invalid for an inadequate written description; plaintiff MercExchange's Cross–Motion for Summary Judgment that all claims of the '051 patent are valid for an adequate written description; and defendant Half.com's Motion for Summary Judgment that claims 1–9 and 29–41 of U.S. Patent No. 6,085,176 ("the '176 patent") are invalid pursuant to 35 U.S.C. §§ 102(a) and/or 102(g). For the reasons more fully articulated below, the court GRANTS in part and DENIES in part eBay's Motion, GRANTS in part and DE-NIES in part the plaintiff's Cross–Motion, and DENIES Half.com's Motion.

## I. Factual Background

The court dispenses with the factual and procedural background in this Opinion, as it is explicitly detailed in the court's October 18, 2002 Order and Opinion ("*Markman* Opinion").

## II. Standard of Review

In patent cases, as well as in all other cases, summary judgment is appropriate when it is apparent from the entire record, viewed in light most favorable to the nonmoving party, that there are no genuine disputes of material fact. *See Clark v. Alexander,* 85 F.3d 146, 150 (4th Cir.1996); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *United States v. Diebold,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). When a court declines to grant summary judgment, sufficient evidence must exist favoring the nonmoving party which would allow a reasonable jury to return a verdict for that party. *See*

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A properly supported motion for summary judgment may not be defeated by "the mere existence of some alleged factual dispute between the parties." *Id.* at 247–48. The requirement is that there are no genuine issues of material fact. *See id.* Entry of summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Although an infringement analysis usually involves both questions of fact and issues of law, summary judgment of noninfringement may still be proper. *See Nike, Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed.Cir.1994); *Chemical Eng'g Corp. v. Essef Indus., Inc.,* 795 F.2d 1565, 1571 (Fed.Cir.1986). A good faith dispute about the meaning and scope of asserted claims does not, in and of itself, create a genuine dispute to preclude summary judgment in patent cases. *See Lantech, Inc. v. Keip Mach. Co.,* 32 F.3d 542, 546 (Fed.Cir.1994).

All issued patents are presumed valid by statute. 35 U.S.C. § 282. This presumption of validity extends to all bases for challenging a patent's validity. *See Panduit Corp. v. Dennison Mfg. Co.,* 810 F.2d 1561, 1570 (Fed.Cir.1987). "When a patent has been examined and duly granted, judicial review must give due weight to the presumption of validity. The presumption of validity is based on the presumption of administrative correctness of actions of the agency charged with examination of patentability." *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.,* 98 F.3d 1563, 1569 (Fed. Cir.1996) (citations omitted). However, "[t]he courts are the final arbiter of patent

validity and, although courts may take cognizance of, and benefit from, the proceedings before the patent examiner, the question is ultimately for the courts to decide, without deference to the rulings of the patent examiner." *Quad Envtl. Tech. Corp. v. Union Sanitary Dist.*, 946 F.2d 870, 876 (Fed.Cir.1991). "The underlying determination of invalidity, however, must be predicated on facts established by clear and convincing evidence." *Rockwell Int'l Corp. v. United States*, 147 F.3d 1358, 1362 (Fed.Cir.1998).

### III. Defendant eBay's Motion for Summary Judgment and Plaintiff's Cross–Motion for Summary Judgment

There are two Motions regarding the '051 patent that remain pending. Defendant eBay's Motion for Summary Judgment that all claims of the '051 patent are invalid for an inadequate written description, pursuant to 35 U.S.C. § 112 ¶ 1, and the plaintiff's Cross–Motion for Summary Judgment that all claims of the '051 patent are valid for an adequate written description. In its July 10, 2002 Order and Opinion, the court deferred its ruling on these Motions until after the *Markman* hearing. Based on the claims constructions in the court's *Markman* Opinion, the court GRANTS in part and DENIES in part the defendant's Motion, and GRANTS in part and DENIES in part the plaintiff's Motion.

### A. Written Description Standard

Section 112 requires that "[t]he specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same." 35 U.S.C. § 112, ¶ 1; *see also Johnson Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 993 (Fed.Cir.1999)

The Court of Appeals for the Federal Circuit has held that "[t]he question is not whether a claimed invention is an obvious variant of that which is disclosed in the specification. Rather, a prior application itself must describe an invention, and do so in sufficient detail that one skilled in the art can clearly conclude that the inventor invented the claimed invention as of the filing date sought." *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed.Cir.1997). "[A]n applicant complies with the written description requirement 'by describing the invention, with all its claimed limitations' . . . using 'such descriptive means as words, structures, figures, diagrams, formulas, etc., that set forth the claimed invention.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1566 (Fed.Cir.1997) (quoting *Lockwood*, 107 F.3d at 1572). However, "[i]n order to satisfy the written description requirement, the disclosure as originally filed does not have to provide *in haec verba* support for the claimed subject matter at issue." *Purdue Pharma L.P. v. Faulding, Inc.*, 230 F.3d 1320, 1323 (Fed. Cir.2000); *accord Lockwood*, 107 F.3d at 1572. "[T]he test for sufficiency of support in a patent application is whether the disclosure of the application relied upon 'reasonably conveys to the artisan that the inventor had possession at the time of the later claimed subject matter.'" *Ralston Purina Co. v. Far–Mar–Co. Inc.*, 772 F.2d 1570, 1575 (Fed.Cir.1985) (quoting *In re Kaslow*, 707 F.2d 1366, 1375 (Fed.Cir. 1983)). "It is not sufficient for purposes of the written description requirement of § 112 that the disclosure, when combined with the knowledge in the art, would lead one to speculate as to modifications that the inventor might have envisioned, but failed to disclose." *Lockwood*, 107 F.3d at 1572.

## B. Defendant's Motion

Defendant eBay argues that two terms, which arise in numerous claims of the '051 patent, are not adequately supported by the written description. Specifically, the defendant contends that the plaintiff's original application filed in April of 1995, *see* U.S. Patent Application No. 08/427,820, Def.'s Mot., Dkt. 46, Ex. 1 ("Application"), did not contain a description of a "seller's account" or the process of "debiting a seller's account a commission or fee," which are the bases for claims 1, 6, 10, 11, 12, 36, 51, and 52 of the '051 patent. The defendant contends that the inventor did not include any reference to a "seller's account" until after he had been an eBay user for two years. The court will address each of these terms separately.

### 1. Seller's account

■ The defendant contends that the inventor did not envision a seller's account when the Application was filed, and points to page 8 of the Application, where the plaintiff specified that the " 'buyer, hereinafter participant' could access the consignment node system." Application at p. 8, l. 7. From this, the defendant argues that only buyers can be participants in the system because by specifically defining a participant to be a "buyer," the plaintiff precluded participant from including "seller." Moreover, the defendant contends that the written description is devoid of any reference to a seller's account, claiming that the inventor did not add that feature until after viewing it on eBay's website.

In support of its position that a "seller's account" has an adequate written description, the plaintiff provides declarations by two professors of computer and information science who are allegedly qualified to address their testimony to those of ordinary skill in the art of electronic networking, auctioning systems and commerce. These individuals have identified at least 15 instances where the plaintiff's Application discloses that a participant can be a buyer, seller, or both. *See e.g.,* Application at p. 3, l.10 ("Participants, e.g., customers and collectors (hereinafter 'participants'. . ."); *id.* at p. 4, l. 23—p. 5, l. 3 ("By the interaction of a plurality of participants buying and selling collectibles on a consignment node, posting 'buy at' and 'sell at' quantities and prices the consignment node may establish a market or become a 'market maker' for collectable goods."). Furthermore, the plaintiff argues that the language of claim 12 of the original application supports a seller's account, which by itself provides adequate written description support. *See Union Oil Co. of Cal. v. Atlantic Richfield Co.,* 208 F.3d 989, 998 (Fed.Cir.2000). The plaintiff also contends that because it used the word "participants" interchangeably throughout the application in referring to buyers, sellers, or both, the written description is adequate. *See Johnson Worldwide,* 175 F.3d at 993 (holding that the written description did support the invention because, *inter alia,* the patentee used the term "heading" "interchangeably throughout the written description to refer to both the direction of the trolling motor and the direction of the boat.").

This court has recently held that the term seller's account means a list of monetary transactions associated with the seller. *See Markman* Opinion, pp. 14–15. Based on this construction, it appears that the disclosure in the Application reasonably conveys to those of ordinary skill of the art at the time that the inventor was in possession of the idea for a seller's account, even though the precise term "seller's account" is not mentioned. *See, e.g.,* Application at p. 8, ll. 20–22 ("a participant may establish an account with his local consignment node to be debited and credited with the funds used and generated with his transactions."); *id.* at p. 25, ll. 11–12

("It is understood that a consignment node user may have established a credit or deposit account for the participant from past sales or transfer of funds..."). Therefore, the court finds that there is an adequate written description for the term "seller's account." As such, the court denies the defendant's Motion for Summary Judgment in that the claims with a "seller's account" limitation are adequately supported in the written description. Furthermore, with respect to the plaintiff's Cross–Motion for Summary Judgment, the court grants the Motion insofar as the term "seller's account" has an adequate written description.

### 2. Debiting a seller's account a commission or fee

■ The defendant also argues that the Application does not contain any language regarding debiting a seller's account a commission or fee; rather, it envisions a buyer paying the consignment node operator, who would then take his commission and pay the agreed amount to the seller. The plaintiff disagrees, arguing that there is adequate support for debiting a seller's account a commission or fee, directing the court to many of the same references cited above. In this court's *Markman* Opinion, it held that the term debiting a seller's account means to record a debt against a person's name or account. *See Markman* Opinion, pp. 23–24. The Application, on the other hand, envisions the consignment node operator removing the commission from the sales price of the good prior to crediting the seller's account with the proceeds from the sale. *See, e.g.,* Application at p. 9, ll. 14–16 ("For each transaction, the consignment node user extracts the small consignment fee, e.g., 6% of the sales price, thus the consignment node user directly benefits from operating a reputable consignment node."); *id.* at p. 25, ll. 18–20 ("After the transaction clears the charge 404, the consignment node credits the consignment node users commission account 406 to extract the consignment node transaction fee."). Therefore, it appears to this court that the claim language "debiting a seller's account the commission or fee from a transaction" is not adequately supported by the written description. As such, the court grants the defendant's Motion for Summary Judgment in that the claims specifying "debiting a seller's account" are not adequately supported in the written description. Likewise, the court denies the plaintiff's Cross–Motion for Summary Judgment with respect to the claims which contain this limitation.

### C. Plaintiff's Cross–Motion

The plaintiff filed a Cross–Motion for Summary Judgment, asking this court to declare that *all* claims of the '051 patent are valid under 35 U.S.C. § 112, ¶ 1. The plaintiff has cited no additional case law or facts in support of its motion, rather it relies on its arguments in response to the defendant's Motion for Summary Judgment.

In response, the defendant argues that the plaintiff's motion is simply a "red herring" and "nothing more than a thinly-veiled attempt to get the last word in hopes of bolstering its opposition." *See* Def.'s Opposition, Dkt. 106, p. 26. The defendant argues that it limited all of its deposition questions to the narrow issue of seller's accounts. Moreover, the defendant states that the plaintiff has failed to offer evidence that all of its claims are supported by the written description. For example, the defendant points out that the plaintiff has failed to supply evidence that the '051 patent adequately describes terminating an auction when a bid meets a seller-specified reserve price, as required by claim 22.

In its reply the plaintiff argues that defendant eBay is now arguing a situation

where the buyer and seller engage in a transaction outside the system. Furthermore, the plaintiff argues that defendant Half.com conceded to the PTO, during a prosecution of its own patent application, that the plaintiff's written description does disclose that participants are both buyers and sellers. However, these arguments are not relevant to the Cross–Motion, which seeks a ruling that *all* claims of the '051 patent are adequately supported by the written description. The plaintiff's request far exceeds any of the arguments and evidence presented to the court. As such, the plaintiff has not met its burden to show that all claims in the '051 patent are adequately described in the application. Therefore, the court denies the plaintiff's Cross–Motion for Summary Judgment. As stated earlier, the court grants the plaintiff's Cross–Motion with respect to the term "seller's account" only.

## IV. Defendant Half.com's Motion for Summary Judgment

■ This Motion for Summary Judgment, brought by defendant Half.com, argues that claims 1–9 and 29–41 of the '176 patent are invalid pursuant to 35 U.S.C. §§ 102(a) and/or 102(g). The thrust of the defendant's argument is that nine months before the inventor filed his application for the '176 patent, a computer programmer named Keith Basil, working at Internet Presence and Publishing, Inc., developed and implemented the same methods set forth in the asserted claims of the '176 patent. In other words, the defendant argues that the system described in the '176 patent was in public use before the original application was filed in April of 1995. *See* 35 U.S.C. § 102(a). Furthermore, the defendant contends that these claims are also invalid because Mr. Basil and his company did not abandon, suppress, or conceal the public use of the prior system. *See id.* at § 102(g). As a result, the defendant argues, the above-listed claims of the '176 patent are invalid.

Section 102(a) provides that "[a] person shall be entitled to a patent unless the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the patent." *Id.* at § 102(a). Section 102(g) allows a patent to issue unless "(1) ... another inventor ... establishes ... that before such person's invention thereof the invention was made by such other invention and not abandoned, suppressed, or concealed, or (2) before such person's invention thereof, the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it. ..." *Id.* at § 102(g). If a prior art reference falls into one of these categories, then the court must determine whether the prior art teaches or anticipates the claims of the later patent.

### A. Is MESCH Prior Art?

The defendant argues that Mr. Basil invented a program called Internet Shopkeeper and a search function program called MESCH (Multi–WAIS Engine for Searching Commercial Hosts), which was conceived in August of 1994 and in public use as of October of 1994. The MESCH system allowed a user in Mr. Basil's Internet Shopkeeper to search the participating web sites for keywords entered by the user. As such, the defendant argues that this invention qualifies as prior art under section 102(a). Furthermore, the defendant contends that the MESCH system concept was published on internet bulletin boards and presented at internet conferences. Thus, the defendant argues, the MESCH system was not abandoned or concealed from the public and therefore qualifies as prior art under section 102(g). Based on the evidence provided, the court

finds that the MESCH system is prior art under sections 102(a) and/or 102(g).

## B. Did MESCH Anticipate the '176 Patent?

The next task the court must undertake is to decide whether the MESCH system anticipates claims 1–9 and 29–41 of the '176 patent. "Invalidity based upon lack of novelty (often called 'anticipation') requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee." *Oney v. Ratliff,* 182 F.3d 893, 895 (Fed.Cir.1999) (quotation omitted); *see also Apple Computer, Inc. v. Articulate Sys., Inc.,* 234 F.3d 14, 20 (Fed.Cir.2000) ("Anticipation under 35 U.S.C. § 102 requires the disclosure in a single piece of prior art each and every limitation of a claimed invention."); *Union Oil,* 208 F.3d at 994–95 (same). "Although anticipation is a question of fact, it still may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Oney,* 182 F.3d at 895. Furthermore, "the [prior art] reference must be enabling and describe the applicant's claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention." *In re Paulsen,* 30 F.3d 1475, 1479 (Fed. Cir.1994). In order to prevail on anticipation, the defendant must prove its case by clear and convincing evidence. *Union Oil,* 208 F.3d at 995.

As with all literal infringement cases, the court must first determine the scope of the claims. In this case, the court has already performed this task, and has held that item is a good and electronic market is a trusted network or system where participants can buy, sell, search or browse goods online. *See Markman* Opinion, pp. 28–31. Thus, based on these constructions, the court turns to whether the MESCH system anticipates each and every limitation in the contested claims of the '176 patent. It appears that while the MESCH system did anticipate searching a plurality of electronic markets, it did not anticipate searching for goods only. Three of the Internet Shopkeeper participant web sites, Automatrix, Internet Plaza and Oslonett.no, were electronic markets in that they were computerized systems that allowed participating buyers and sellers to exchange information about prices and product offerings. However, it appears to this court that the MESCH system did not limit it searches to goods, but rather searched for words, regardless of their context. One example offered by the plaintiff states that if a customer were searching for a computer monitor to purchase, the '176 system would search for computer monitors that were available for purchase in a plurality of databases. In contrast, it appears that the MESCH system would look for the words "computer" and "monitor" on a number of registered web pages and return sites that listed these words, which could be in the context of an article that mentions computers or monitors. This would not be considered an item, as defined by this court. Therefore, there exists a genuine dispute of material fact over whether the MESCH system anticipated each and every element of the claims of the '176 patent. As such, Half.com's Motion for Summary Judgment is denied.[2]

## V. Conclusion

For the reasons set for above, the court GRANTS in part and DENIES in part

---

**2.** The court also believes that the MESCH system did not anticipate a trusted network. However, since the prior art must anticipate each and every element of the claim, and because the court found that one limitation in the '176 claims was not anticipated, it need not continue to the other elements for purposes of this Motion.

defendant eBay's Motion for Summary Judgment that the claims of the '051 patent are invalid for an inadequate written description. The court also GRANTS in part and DENIES in part the plaintiff's Cross–Motion for Summary Judgment that all claims of the '051 patent are valid for an adequate written description. Finally, the court DENIES defendant Half.com's Motion that claims 1–9 and 29–41 of the '176 patent are invalid pursuant to 35 U.S.C. §§ 102(a) and/or 102(g).

The Clerk is **REQUESTED** to send a copy of this Order to counsel of record.

It is so **ORDERED.**